Filed 12/17/24  P. v. McNeil CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARL McNEIL,<br><br>    Defendant and Appellant. | B337853<br><br>(Los Angeles County<br> Super. Ct. No. BA420169) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Affirmed.

Richard Lennon and Larry Pizarro, under appointment by the Court of Appeal, and Carl McNeil, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2015, defendant Carl McNeil (McNeil) was convicted of three counts of attempted murder. McNeil filed a petition for resentencing pursuant to Penal Code section 1170.95 (1172.6).[1] The trial court denied McNeil's petition at the prima facie stage, finding he was ineligible for resentencing relief as a matter of law. On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). McNeil submitted his own supplemental brief. After reviewing the contentions raised in McNeil's brief, we affirm the order denying his petition for resentencing.

## PROCEDURAL BACKGROUND

In 2015, after a jury trial, McNeil was found guilty of three counts of attempted murder (§§ 664/187). On each count, the jury also found true the special allegations that McNeil personally and intentionally discharged a firearm in the commission of a felony resulting in great bodily injury (§ 12022.53, subd. (d)). The trial court sentenced McNeil to a prison term of 100 years to life. On direct appeal, this court affirmed McNeil's conviction in an unpublished opinion, *People v. McNeil* (Aug. 15, 2016, B265374).

On February 8, 2022, McNeil filed a petition for resentencing pursuant to section 1172.6. In his petition, McNeil argued the evidence at trial was insufficient to establish that he acted with malice. The trial court denied McNeil's petition after a hearing. In its ruling, the court examined the jury

---

[1]    All further unspecified statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

instructions given in McNeil's case. The court noted "the jury was not instructed on a theory of felony murder of any degree or a theory of natural and probable consequences." Instead, the jury instruction given on attempted murder expressly required the jury to find that McNeil acted with the specific intent to kill. The court also noted that by finding true the special allegations under section 12022.53, the jury necessarily determined that McNeil was convicted as the actual shooter.

McNeil timely filed a notice of appeal.

## DISCUSSION

### I. *Legal Standards*

Senate Bill No. 1437 (SB 1437) was enacted by the Legislature to ensure a person's sentence is commensurate with the person's individual criminal culpability. To accomplish this goal, SB 1437 added sections 188, subdivision (a)(3), and section 189, subdivision (e), which collectively limit accomplice liability under the felony-murder rule, eliminate the natural and probable consequences doctrine as it relates to murder, and eliminate convictions for murder based on a theory which allows malice to be imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842– 843.) Senate Bill No. 775 (SB 775) extended these changes to apply to convictions for attempted murder and voluntary manslaughter.

SB 1437 also created a procedure, codified at section 1172.6, which allows persons convicted of murder, attempted murder, or voluntary manslaughter to file a petition for resentencing if they could no longer be convicted of those crimes under the law as amended by SB 1437 and SB 775.

3

(*Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Gentile*, *supra*, 10 Cal.5th at p. 847.) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) The bar for this prima facie showing was "'intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) In conducting its prima facie review, the trial court may not engage in fact-finding involving the weighing of evidence or credibility determinations and must assume the truth of all facts stated in the petition. (*Id*. at pp. 971–972; *People v. Flint* (2022) 75 Cal.App.5th 607, 612.)

We review de novo whether the trial court properly denied McNeil's petition without issuing an order to show cause. (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

## II.    *McNeil is Ineligible for Relief*

A defendant convicted of attempted murder is eligible for relief under section 1172.6 only if he or she is convicted "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457 [§ 1172.6 "applies 'only to attempted murders based on the natural and probable consequences doctrine'"]; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865 [same]; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [same].)

The record establishes the jury did not convict McNeil of attempted murder under the natural and probable consequences doctrine. (See *People v. Curiel* (2023) 15 Cal.5th 433, 465 ["we may look to the jury's verdicts, and the factual findings they necessarily reflect, to determine whether the record of

4

conviction refutes the factual allegations in [the defendant's] petition"]; *People v. Gallardo* (2024) 105 Cal.App.5th 296, 301 [record of conviction includes the jury instructions and verdict forms from the defendant's jury trial]; *People v. Nguyen* (2024) 103 Cal.App.5th 668, 677 ["In making the prima facie determination, the court may rely on the record of conviction, including the jury instructions and verdict forms"].)

The jury was instructed with CALCRIM Nos. 600 and 3149. CALCRIM No. 600 specifically instructed the jury that to find McNeil guilty of attempted murder, the prosecution had to prove that McNeil "intended to kill" the victim. (See also *People v. Lee* (2003) 31 Cal.4th 613, 623 ["[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing"].) CALCRIM No. 3149 instructed the jury that to find true the special firearm allegations under section 12022.53, subdivision (d), the prosecution had to prove that McNeil personally and intentionally discharged a firearm resulting in great bodily injury. Critically, the jury was not instructed on the natural and probable consequences doctrine, the felony murder rule, or any theory which permitted the jury to impute malice to McNeil based on his participation in a crime.

The record of conviction thus conclusively establishes that McNeil was not convicted of attempted murder under the natural and probable consequences doctrine. McNeil is therefore ineligible for relief under section 1172.6 and the trial court properly denied his petition at the prima facie stage.

III.    *McNeil's Supplemental Brief*

Under *Delgadillo*, we must evaluate the arguments raised in McNeil's supplemental brief.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)  McNeil's supplemental brief does not contest the trial court's conclusion that he is ineligible for relief under section 1172.6 and fails to put forth any legal basis for a reversal of the trial court's ruling. McNeil has not identified any alternative theory that was presented to the jury which would have resulted in a conviction for attempted murder based on the natural and probable consequences doctrine.  (*People v. Gonzalez* (2021) 12 Cal.5th 367, 409–410 [it is the appellant's burden to affirmatively demonstrate error].)

Instead, McNeil's supplemental brief is comprised of a litany of unrelated and irrelevant case citations without any argument explaining how these authorities relate in any way to his petition under section 1172.6.  To the extent we can discern the arguments McNeil raises, he appears to allege errors in his original trial rather than any errors in connection with his section 1172.6 petition.  For example, McNeil seems to suggest that the trial court violated the mandate in *Cunningham v. California* (2007) 549 U.S. 270, 281 (*Cunningham*) that "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence."  He also argues that under *Cunningham*, California's "upper term sentencing scheme [is] violative of the Sixth Amendment."  However, McNeil makes no showing that these assertions are relevant to his section 1172.6 petition.

6

McNeil's arguments fall outside the scope of the section 1172.6 inquiry. Section 1172.6 is not a vehicle by which a defendant may raise claims of error in the trial that resulted in his or her conviction. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [filing of a section 1172.6 petition "does not afford the petitioner a new opportunity to raise claims of trial error"]; *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].) Section 1172.6 affords resentencing relief to certain classes of individuals as defined by the statute. As relevant here, section 1172.6 only provides resentencing relief to defendants convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Rodriguez, supra*, 103 Cal.App.5th at p. 457.) McNeil was not convicted of attempted murder under the natural and probable consequences doctrine and is therefore categorically ineligible for resentencing relief under section 1172.6. Nothing in his supplemental brief alters this conclusion.

In addition to rejecting the arguments McNeil raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *Delgadillo, supra*, 14 Cal.5th at p. 232.)

//

//

//

//

//

//

//

//

7

## DISPOSITION

The order denying McNeil's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

We concur:


COLLINS, Acting P. J.


MORI, J.

8